If counsel who are going to argue could please approach, tell us who you are and who you represent. Good morning. My name is Gabriela Asrow. I represent the Collins, Hoffman, Brigham and Women's Law. Come on up just for a brief second. Identify yourself for the record. Good morning. My name is James McIntyre.  I represent the Collins, Hoffman, Brigham and Women's Law. Okay, 15 minutes aside, keep some time for rebuttal and we're ready for you. Thank you. May it please the court. My name is Gabriela Asrow. I, along with my co-counsel, Paul Bar-Gill, represent the Appellants, Hoffman, Brigham and Women's Law. The question at issue in this case is whether a petition for fees under the Doctrine of         I am not a lawyer. I am not a lawyer. I am not a lawyer. I am not a lawyer. I am not a lawyer. Right.  We condemn Petition 508 of the Illinois Marriage and Dissolution of Marriage Act, or the IMDMA. We contend that Section 508 of the IMDMA encompasses all remedies for fee petitions, whether statutory or common law, including when there is no written agreement. Right, but isn't there basically a prohibition in Section 508 that says the courts shall not consider a fee petition unless there is a written agreement, either at the time of the engagement or within a reasonable time thereafter? The Section 508 also allows for common law remedies, which includes fee petitions when there is no written agreement under Section 508. So what does the prohibition mean, if it just means you can do either or? It allows for both. So when you are allowed to bring it under Section 508E of the IMDMA, it allows you to bring it under Section 508C, you must have a written agreement. However, the statute also permits you to bring it when you don't have a written agreement. So lawyers who don't enter into a written retainer agreement with their clients can also avoid providing them the client's rights and responsibilities disclosure, right? It is an alternative remedy. It's not a means of avoiding it. It is an alternative provided by the statute, which is codified after the Supreme Court's holding in Nonadverses JECA, whereby the court can award fees under the Doctrine of Quantum Merit, which looks at the circumstances of the case, which is not the intention of the parties. It's their behaviors and agreement under the circumstances, and then the court then looks at the reasonableness of the fees. So under Nonadverses JECA, the court held, we find nothing in the plain language of Section 508A to suggest that the legislature intended that the statute would provide the exclusive means by which an attorney representing a party in a domestic relations case may recover a fee from a client. The Nonadverses Court further stated Section 508A supplements whatever other remedies an attorney might have in obtaining fees from a client. Nothing in the statutory language suggests that the legislature also intended to eliminate condom off actions for fees like the one at issue here. And 508E of the IMDMA states that the court, counsel may pursue an award and judgment against former client for legal fees and costs in an independent proceeding in the following circumstances, and states that the prior applicability of the section shall in no way be deemed to have diminished any other right of counsel or former counsel to pursue an award on the basis of remedies that may otherwise exist. If the legislature intended to eliminate condom law actions for fees, it would have done so explicitly, which the Nonadverses Court recognized when it stated that it believed the legislature would have explicitly barred independent actions for fees if it had intended to do so, and therefore the court declined to imply such an intent where none was expressed. And quantum meruit is one such condom law remedy. Quantum meruit is available where an attorney, one, performed a service to benefit a client, performed that service non-gratuitously, the client accepted the service, no contract existed to prescribe payment, and it would be unjust for the client to retain that benefit without compensating the attorney. In our case, there's no question that there was an agreement despite there being no written contract. Ms. Pavlovich paid a retainer fee, she received monthly bills from Haufenberg, she made regular payments to Haufenberg during a course of representation totaling $30,202, she signed the documents prepared by Haufenberg on her behalf, and Haufenberg appeared in court on her behalf at least 17 times during the course of representation at which Ms. Pavlovich often appeared in court on those court appearances. She acted in conformity with her implied promise to pay a reasonable rate, and she should be ordered to pay the fees she incurred. So does, assuming you have the opportunity to pursue a quantum meruit claim, is it relevant to that claim that you gave your client less than 24 hours notice of your intention to withdraw? Well, this court actually addressed this in a recent appeal regarding that issue. She waived any, the court held, this court held that she waived any argument about how the notice she received was unreasonable or she was prejudiced. If the trial court had got into the assessment of if our fees were reasonable, that may have been part of the court's assessment. However, this court has held again and again that if there's a justifiable reason for withdrawing from a case, an attorney may still recover fees for that, and justifiable reasons include disagreement on strategy between a client and an attorney. But I mean, the disagreement occurred the Thursday before the Monday trial? There had, that's something that the trial court would have to assess, and we presented substantial evidence about the relationship with the client, but the trial court didn't even get to that assessment. Step A would have been if the trial court had deemed our petition that we had been allowed to proceed on the doctrine of quantum meruit, and then got into the assessment of the reasonableness of our fees. However, this court held that the trial court entered a judgment in conformity with the sufficient factual basis to do so, and that it upheld the trial court's granting of our motion to withdraw. Rather than dismissing our petition, the trial court should have either construed the petition as a petition for an independent legal proceeding under quantum meruit, based on the allegations and the relief requested therein. As in Rubin and Norris v. Panzarella, when viewing the allegations in the light most favorable to Hoffenberg, the allegations, if proved, would adequately show the necessary quantum meruit claim elements of non-virtuitous payments, performed by Hoffenberg to Kalkovich, who accepted those services. The trial court could also have dismissed the petition and allowed us to plead over by filing a new petition, whether in the domestic relations division or another division. The trial court could also have allowed us to amend the petition on its face to include Why does the trial court have to do all that? Why didn't they just do it themselves? Well, we contend that the section 508 includes all of the elements, including common law elements, the common law elements of quantum meruit. Therefore, it was appropriate for us to bring this petition under 508, because 508 encompasses quantum meruit. However, if the court found that, or felt that it didn't have the authority to do that, that there were alternatives, the reason the court should have allowed us to do that is it should not have denied the petition, because we clearly had a cause of action. Did you ask the court for permission to do that? So we didn't know that the court might not grant or go forward and determine the reasonableness of our piece. But you knew you didn't have a written agreement with the client. Yes. Something fell between the cracks, because counsel said that, you know, I gave it to her and she was going to send it back and I can't find one. So you know there's no written agreement. You also know that 508c3 says that quantum meruit principles shall govern any award for legal services performed that is, quote, not based on the terms of the written engagement agreement. So the quantum meruit only comes in if there's a written engagement agreement, according to the language, the very language of the statute. Well, 508e allows for independent legal proceedings. But this is not an independent legal proceeding. But 508, if you read section 508 as a whole, it actually is. Because 508c2 says, I'm sorry. Go ahead. It says, irrespective of a petition for setting final fees and costs being heard in conjunction with an original proceeding under this Act, the relief requested under a petition for setting final fees and costs constitutes a distinct cause of action. Meaning, even if you file a petition for fees under the same case caption in an original dissolution case, then that petition in and of itself constitutes an independent legal proceeding within the divorce case. And the section 508 needs to be read as a whole, because the subsections cross-reference each other. Section 508c3 actually states that the determination of reasonable fees and costs under the subsection C, whether initiated by counsel or a client, or in an independent proceeding for services within the scope of subdivisions 1 through 5 of subsection A, is within the sound discretion of the court. Where's the independent proceeding here? It is by section 508c2, it is considered a distinct cause of action, even when filed under 508, and which is permitted by 508e. So you're not suggesting that this independent proceeding for Quantum Merowit be filed in another division. It would have to go to the Chancery Division, because it's an equitable cause of action, right? It could be, but it doesn't need to. And then some other judge who didn't preside over the marital dissolution proceedings would decide whether your fees are reasonable and necessary? It may be done that way, but it doesn't need to be by the meeting of 508. And for judicial economy purposes, it would make sense that the trial court judge who did hear this domestic relations proceeding hears the same case, is familiar with the facts of the case, is familiar with the work done, and then determines the reasonableness of our fees pursuant to Quantum Merowit. Because we had a cause of action, and this is considered an independent legal proceeding, which is permitted by 508e, we should have been given the opportunity to pursue it to the end. But it's like you're asking the trial court to elect the remedy for you. Why should the trial court be in that position? So to answer that question, the trial court denied Ms. Pavlovich's motion to strike our petition during the hearing in this manner. She had filed a response to our petition in addition to her motion to strike, which was denied. And because she failed to specifically deny any of the allegations, the trial court deemed any allegations not denied in the petition were deemed admitted pursuant to Section 610 of the Illinois Code of Civil Procedure. The court then proceeded to an evidentiary hearing, which we believed was to determine the reasonableness of our fees under Quantum Merowit. And the court should have continued on to making that determination. So we at that point thought that the court was actually doing that already. We didn't think it was necessary to ask the court to do anything more because it was already permissible under Section 508e. Therefore, the court should have continued on into making that determination under 508. And the court, any circuit court judge has the authority to make that determination to hear any justiciable matter under SINUDA. So even though the court questioned it, it did have the authority to do that. Again, you're remaining mute at the trial court level and expecting the trial court to just take it upon itself to protect your interest. Why is that not forfeited? We actually did raise the issue of Quantum Merowit and argued that we were bringing the petition under Quantum Merowit at the trial court level during the hearing. This issue did come up and we argued that we were bringing the petition under Quantum Merowit which was permissible under 508. So we weren't asking the court to do anything on our behalf, we asked the court to do that and recognize the authority under 508 to grant the petition or to determine the reasonableness of our fees under 508 which the court had the authority to do. Again, the court should not have denied the petition. It had a variety of alternatives. If the court did not believe it had the authority to do that, it could have transferred it. But we believe it should have been construed and accepted as we argued at the trial court level during the hearing as a petition for fees under 508 under the doctrine of Quantum Merowit and should have made a determination on the reasonableness at that point. If there are no further questions, we would ask that the court reverse the trial court's ruling. Thank you. May it please the court. My name is James Macatelli. I am the attorney before the appellee in this matter, Annetta Pavlovich. This matter comes before you on the denial of a motion for the court to set a statutory amount of attorney's fees for a law firm that had provided Annetta representation in a dissolution of marriage action. There is no dispute that the firm represented her for a year, billed her regularly. She says I was concerned about the amount of the fees. The testimony at the hearing was she never said anything. Yes, Your Honor. So can a client lay in the weeds, say nothing, not return the written agreement, the written retainer agreement, and then at the end of that process say I don't have to pay anything? Judge, I don't think that's what's occurring in this particular case. I think what the court is taking into consideration is Mr. Hoffenberg's statement that I think I handed her a written agreement and a statement of client's rights and I asked her to sign it and return it after she had an opportunity to review it. There has been no proof of any correspondences between the client and the attorney saying, hey, thank you for coming to my office. I provided you with this information. Please return it. There was testimony in that hearing by Annetta that no, I never received any of those documents. I gave him a credit card, he swiped it, he charged me a fee, and I left the office. But she also paid $30,000, leaving $67,000 unpaid. Correct. And if you take into consideration Judge Mason's questions to opposing counsel about, well, do you think it's fair that you represent somebody for a year, you accrue $97,000 in expenses, and then two business days before the trial you withdraw and you leave that to go to a trial, not prepared, having four boxes of documents. But the point is, that's a consideration for quantum merriment. Correct, which is not a consideration for statutory decision to grant attorney's fees. We've been talking about the difference between a statutory right to attorney's fees and a common law right to attorney's fees. I would agree Hoffenberg and Block has the ability to file a common law action. And that common law action would be for breach of contract. I'm not sure Chancery is the only place it could go. Quantum merriment is somewhat of an agreement. Hey, you agreed to allow me to represent you. It's not really spelled out in a written agreement, but I'm entitled to a reasonable fee. That would be something that a jury would determine. What is a reasonable fee when you provide legal service to an individual you may not have done all that you were supposed to do for that client. So can they still file it now? They can still file it now. I understand that there is a five-year statute of limitation for that type of action for quantum merriment. And I would just say that yesterday Annetta filed pro se a malpractice claim against Hoffenberg and Block. They will have the opportunity to file a counterclaim. She had to do it within the two-year statute of limitations. They had just withdrawn from her representation two years ago. That is the proper forum for that particular amount of attorney's fees to be determined. What is a reasonable amount for Hoffenberg and Block? My client, Annetta, does not believe that $67,000 would be a reasonable amount. She's going to explain to the court that she was left without an attorney, was given four boxes of documents at 5 p.m. on Friday, and was told that she had to go to trial on Monday. The decision that she received was not a good decision. We're not here to argue the amount for her case that's been filed for malpractice. We're here to determine whether or not, under the statute as written, this law firm can file their attorney's fees petition the way they did it. In this case, it's very simple, Your Honor. No, they can't. If you read the statute 508C2, no final hearing under this subsection C is permitted unless, one, the counsel and the client have entered into a written engagement agreement. It's undisputed there is no written agreement? Correct. And it should fail immediately. You should not look any further. Once you do not fulfill the requirements in one, you don't move further down in the state. It's undisputed there was no client's rights signed and received? Correct. Okay. So, they're arguing that their independent action can still be brought under this same case number in domestic relations. Do you agree with that? I do not at all. And, again, the attorney for Hoffenberg and Block, Mr. Hoffenberg, argued during his argument on his motion before the trial judge that the statute's – I know the statute says the written agreement, but it could say a agreement instead. He's asking this Court to change the statute if he wants that particular action. Well, it wouldn't make any difference in this case because there's no written agreement. It's not a the written agreement or a written agreement. There's just none. Correct. So, and we're not going to rewrite the law here, so that really doesn't make any difference. What makes a difference is whether or not they are entitled to file their action the way they did it. They are not. And, again, you know, the common law action is the only appropriate way for them to move forward since there is no written agreement. But they're saying that the scenario where there's no written agreement still allows them for quantum merit under 508 because of the other sections. The other sections would say, from my understanding, once you don't satisfy the written agreement portion, the Court cannot go further. The other sections are when a client, an attorney, has a written agreement, and let's say a third party, a grandmother, comes in that dissolution of marriage case and wants visitation with a child and, you know, increases the litigation expenses for the lawyer. Although the lawyer has a written agreement with the client, it doesn't say anything about the representation of a grandmother or a third party. Well, we don't have that here. Correct. And that's what those other additional points in the statute would apply to. You'd be able to get quantum merit if you did more than your written agreement had provided. Isn't it possible that there's two separate quantum merit claims available? One is where you do have a written agreement, but the written agreement only covers so much work, and then on top of that, you did extra work, and so you can file a claim for quantum merit. And then the second possibility would be, there is a written agreement, but you did all this work, and you're entitled to some fees, so you bring a quantum merit claim by itself. Exactly, Your Honor. And how is the second one limited to the situation where there is it has to be an independent action outside of this divorce case? Because the statute says, without a written agreement, the court cannot decide. Right. It also says they may bring an independent action, but what they want to do is convert what they've done into an independent action within this case in the Domestic Relations Division. You can't do that. Due process would not allow you to. You have to file your complaint with the appropriate section, in this case, the Law Division or Chancery, and you would have to file or serve that particular petition on the respondent or defendant. That defendant would have an ability of 30 days to file an answer and an appearance and a jury demand and a counterclaim. None of that is available under this 508C section. So it would be it's your interpretation that this independent action has to be filed in law or chancery as Justice Mason has pointed out with the judge was no familiarity with the facts of the case or how much work might have been done or anything. Yes. Just bring in some entirely new judge. Yes, and in every case that is brought before a court, a judge has no prior experience with that case. You learn through the arguments of counsel and through trial. I think that you should not have knowledge of the case. Your views may be prejudiced. That's your view. I'm asking you if that's what the law says. I think it does. Under judicial economy, that was an argument that was made. We can argue your opinion from now until doomsday, but what does this law actually say you can do? You're speaking about Section 508? Well, you can ask the court to determine what a reasonable fee is if you have a written engagement agreement with the client, and attached to that written contract is the statement of client's rights. My client, Annetta, states that she never received any of the documentation from Mr. Hoffenberg. Mr. Hoffenberg states he provided that information. He thinks he provided that information. And you've pointed out that there's no indication in the record that there's anything from the law firm saying, hey, give us back these papers. Where are these papers? We can't move forward without these papers. You didn't give us back our papers. We can't do a thing without them, blah, blah, blah. Correct. There's no communication about a written agreement at all during the entire one year. No texts, no e-mails, no letters, nothing. Right. And so what we're asking the court is, when the judge heard these facts, he made a decision. And he said, no written agreement. I cannot go further. We're asking the court that that is not an abuse of discretion. That is really the only reasonable decision. It's really based on the construction of the statute. And that's not an exercise of discretion. It's what the statute says you're saying. Correct. That's de novo. Correct. And you know what? The judge has the right to determine if there was a written contract and a statement of client's rights given to the client and it was just misplaced. The judge did not determine that. If the opposing attorney, Mr. Hoffenberg, did not have a written contract and a statement of client's rights, he has not fulfilled the requirements of the statute. He cannot pursue statutory cause of action for his attorney's case. That does not mean, as counsel has stated, the Nye case. The Nye case was a common law. Wouldn't your argument be stronger if the wording no final hearing under this section is permitted? Wouldn't your argument be better if that were right under paragraph C, final hearings, instead of mixed in with section 2 or section 1? No, because again, Your Honor, the section 2 states clearly, it doesn't say an engagement agreement. It says a written engagement agreement. Under subsection C. Under subsection C2. So it may be poorly drafted, but it still has the effect of covering everything else that's in here under section C, no matter what number it has. I believe so, yes. And without satisfying that first requirement, you don't move to any other requirements. You can't say, well, wait a minute, judicial economy is important here. We want to make it easier for the plaintiff or the petitioner to bring his cause of action. That's not what judicial economy is all about. You cannot give up a person's right to due process and allow another party to sidestep a requirement. And that's what we're asking this Court to affirm this judgment, because Hoffenberg and Block, if they truly believe their fees are reasonable, they have an opportunity to bring a cause of action against them in the proper form. But just not under subsection 508C. Correct. If you have no further questions. No, we're good. Thank you. Thank you. Brief rebuttal. As counsel acknowledged, the review of this issue should be de novo because it's a question of law. As to specific evidence of the written agreement, Ms. Pavlovich paid $7,500, which is the specific amount set forth in the retainer. What agreement? There is no written agreement. The agreement that we presented that had been unsigned was that we had tendered to her that somehow slipped through the cracks. We submit that that is evidence that she received it. It was just never signed. The Court has determined there is no written agreement, and that's a finding of fact that  should have been made a determination under quantum merit under the reasonableness of her fees, which the appellate court in the Second District has held as permissible in In Re of the Marriage of Kosterba, where a counsel did not have a signed written agreement that the Court assessed the reasonableness of the fees under quantum merit and did reduce the amount awarded, but did award fees under quantum merit. If the trial court believed that we had no right to proceed. But what about Mr. McAtelly's argument that handling it that way, because it is a freestanding claim. There are separate elements of quantum merit that don't exist when there is a written agreement in statutory entitlement fees. And what he's saying is you dispense with the sufficiency of the claim, service on the former client, the opportunity to conduct discovery, the opportunity to have a trial on the merits, all by handling it as a petition under Section 508 as kind of a catch-all. If you don't have a written agreement, you can pursue quantum merit. So how do you answer the due process argument? She had due process. She was served. She was represented by counsel. She was given time to respond. It was an evidentiary hearing in which we would have been given the opportunity to conduct discovery if it had been necessary, but each party presented evidence that there was an evidentiary hearing at which we have the opportunity to present our own evidence. And each party did, Koffenberg and Ms. Tablovich. So we didn't circumvent anything by doing it as a petition under 508, which is permissible. The Section 508 E permits this as an independent legal proceeding under the section. Again, she... Well, how do you get around no? It's simple. No. N-O. No. How do you get around that? Because it's still permissible as a common law independent proceeding under the Act. They cross-reference each other. It can't just be written with this narrow reading that would be a red herring. It's permissible when you assess the common law elements, where you look at the circumstances and the intent of the parties, even absent the written agreement, which, Your Honor, just as you stated, there are two situations where you can look at it. We've worked on outside of the quantum merit contract, and then again, where there's quantum merit, where there is no written agreement, but you have quantum merit. That's the second option. And we submit that this is that second situation. So we would ask that the Court reverse the trial court's ruling regarding our petition for appease, if there are no further questions. Thank you very much. Thank you to both parties for your arguments and briefs. We will take the matter under advisement and issue a decision forthwith.